IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OBE E. JOHNSON,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 22-1088 (PAD)** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff is an inmate at the Puerto Rico Correctional Institution in Guayama, Puerto Rico (Docket No. 2, pp. 1-2; Docket No. 2-1, p. 1). He initiated this action *pro se* and *in forma pauperis* against the United States, a United States District Judge and two attorneys, seeking declaratory and injunctive relief and $125,000,000 in damages, out of unsuccessful attempts to obtain federal habeas relief in 2009, 2011, 2014 and 2015. For the reasons explained below, the case must be dismissed.

## I.    ALLEGATIONS

On June 13, 2005, plaintiff was convicted of armed robbery and violation of weapons laws in the Court of First Instance of Puerto Rico (Civ. No. 13-1272 (JAF), Docket No. 36, p. 2). On September 15, 2005, he was sentenced to 35 years of imprisonment. Id. at 2-3. He alleges that on February 20, 2009, he filed a 28 U.S.C. § 2254 petition in this court, challenging the legality of the conviction and sentence (Civ. No. 22-1088 PAD), Docket No. 2, p. 3).[1] He asserts

---

[1] See, Civ. No. 09-1172 (CCC).

Johnson v. United States of America
Civil No. 22-1088 (PAD)
Opinion and Order
Page 2

that on June 24, 2009, the judge denied his petition. Id. He avers that in another case on April 20, 2015, the judge included a "perjury statement" in the judgment against him, and that the judge's order infringed the Eighth Amendment. Id.²

Furthermore, plaintiff claims that on May 25, 2010, a conspiracy commenced among the United States, the Puerto Rico Department of Justice, and attorneys and judges of this court to use excessive physical force via false or "perjury statements," with the aim of keeping plaintiff detained in prison (Civ. No. 2022-1088 (PAD), Docket No. 2, pp. 2-3). He complains that an attorney appointed to assist him became involved in the conspiracy. Id. at pp. 3-5. In his view, the attorney violated the Eighth Amendment. Id. at p. 5.

Finally, plaintiff contends that the United States' failure to correct these "wrongs" irreparably injured him and will continue to do so unless the court intervenes (Civ. No. 2022-1088 (PAD), Docket No. 2, p. 7). On this basis, plaintiff requests an award of $125,000,000 in damages, a declaration that the United States violated his constitutional rights, and preliminary

---

² See, Civ. No. 13-1346 (JAG). Plaintiff filed the case under 42 U.S.C. § 1983, against the state court judge who presided over the bench trial, found plaintiff guilty and sentenced him; and a witness who, according to plaintiff, provided false testimony resulting in the conviction. Id. at Docket No. 3. On September 30, 2014, the sister court dismissed the case for failure to state a claim upon which relief may be granted. Id. at Docket Nos. 17 and 18. On February 4, 2015, plaintiff filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Id. at Docket No. 21. On April 20, 2015, the court denied the motion, pointing out that plaintiff sought to collaterally attack a state court judgment under 28 U.S.C. § 2255, while the proper means to do so is under 28 U.S.C. § 2254. Id. at Docket No. 26. Additionally, it indicated that plaintiff was convicted on June 13, 2005, and that judgment became final when the Supreme Court of Puerto Rico denied a certiorari petition on November 20, 2008. It observed that the one-year statute of limitations for post-conviction relief expired on December 9, 2012, and for the same reason, even if the motion to vacate/set aside had been filed under the correct statute, it would be time-barred. Id. Plaintiff states the Puerto Rico Supreme Court granted certiorari (Civ. No. 22-1088 (PAD), Docket No. 2, p. 5). Along that line, in Civ. No. 13-1272 (JAF), a sister court denied a § 2254 petition from plaintiff noting in part that plaintiff's conviction became final when the Puerto Rico Supreme Court denied his petition for certiorari on November 20, 2008, but that the statute of limitations was tolled while he awaited pending state post-conviction relief. Id. at Docket No. 36, p. 6. It added that on December 9, 2011, the Supreme Court of Puerto Rico denied plaintiff's motions for relief and that plaintiff had one year from that date to file a petition under § 2254, which extended the filing date to December 9, 2012. Id. Following this sequence, plaintiff's motion to vacate/set aside, filed in February 2015 in Civ. No. 13-1346 (JAG), was, as the court expressed, time-barred even if it had been filed under the correct statute. From this perspective, plaintiff's assertion that the judge included a perjured statement in the judgment is incorrect.

and permanent injunction against the United States and its employees "to stop their physical violence and danger or evil" towards him. Id. at pp. 7-8.[3]

## II. DISCUSSION

### A. Standard of Review

Pursuant to Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court has the authority to dismiss any action brought under federal law *in forma pauperis* if the complaint "is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim when it lacks sufficient factual content allowing the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying these standards, the court must read *pro se* pleadings "indulgently," Simmons v. Dickhaut, 804 F.3d 182, 184 (1st Cir. 1986), and accept the allegations as true, "unless they rise to the level of the irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). A *sua sponte* dismissal is appropriate in the event "it is crystal clear that the plaintiff

---

[3] The § 2254 petitions that plaintiff refers to in the Complaint are not the only petitions he has filed in this District. On March 2, 2010, he filed Civil No. 10-1177 (JAF), which the court dismissed on March 1, 2011 (Id., at Docket Nos. 12 and 14). On January 18, 2012, plaintiff filed Civil No. 12-1027 (SEC), which the court dismissed on April 30, 2012 (Id. at Docket Nos. 18 and 19). On April 4, 2013, plaintiff filed Civil No. 13-1272 (JAF), which the court dismissed on May 30, 2014 (Id., at Docket Nos. 36 and 37). Apart from these petitions, plaintiff initiated a number of actions under 42 U.S.C. § 1983 predicated on his conviction. On February 20, 2009, he filed a complaint essentially claiming that his state court criminal case was fabricated and that one of the witnesses provided false testimony (Civil No. 09-1173 (JP), Docket Nos. 2 and 9). On May 28, 2009, the court dismissed the complaint (Id., Docket Nos. 9 and 10). On July 9, 2009, plaintiff filed Civil No. 09-1638 (GAG), which the court dismissed on July 13, 2009 (Id., Docket Nos. 4 and 5). On July 9, 2009, plaintiff filed Civil No. 09-1639 (JAF), which the court dismissed on July 8, 2010 (Id., Docket Nos. 14 and 15).

cannot prevail and that amending the complaint would be futile." González-González v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

## B. Analysis

### 1. Immunity

As a sovereign, the United States is immune from suit without its consent. See, Evans v. U.S., 876 F.3d 375, 380 (1st Cir. 2017)(so recognizing). By way of the Federal Tort Claims Act (FTCA), it consented to waive immunity under certain circumstances, "for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the [Federal] Government while acting within the scope of his office or employment … where the United States, if a private person, would be liable" under local law. 28 U.S.C. § 1346(b)(1).[4] The waiver does not apply – hence, the action fails – where the employee whose act or omission gave rise to the claim enjoys "judicial or legislative immunity." Id. at § 2674. Such is the case here.

Federal judges are immune from civil actions for damages as well as for "declaratory, injunctive and other equitable relief." Moore v. Brewster, 96 F. 3d 1240, 1243 (9th Cir. 1996). The immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. Id. It operates even when the judge's acts were "in error, … done maliciously, or … in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). That is so because "it is a general principle of the highest importance to the

---

[4] The waiver is subject to certain conditions, including exhaustion of administrative remedies and that actions be brought within a particular timeframe. See, 28 U.S.C. §§ 2675(a)(exhaustion) and 2401(b)(limitations period). Plaintiff alleges that on July 20, 2021, he filed "Standard Form 95," requesting $125,000,000 from the United States for damages stemming from cruel and unusual punishment in violation of the Eighth Amendment (Docket No. 2, pp. 5-6). It is unclear whether that "filing" satisfies statutory and regulatory requirements. See, Ortiz-Rivera v. United States, 891 F.3d 20, 22-28 (1st Cir. 2018)(discussing requirements); Sánchez v. U.S., 740 F.3d 47, 50-54 (1st Cir. 2014)(similar). Be that as it may, rather than focusing on those items, the court analyzes the substance of plaintiff's allegations.

proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself." Mireles v. Waco, 502 U.S. 9, 10 (1991)(internal quotations omitted).

Judicial immunity is overcome only if the judge has acted outside his "judicial capacity" or in "complete absence of all jurisdiction." Mireles, 502 U.S. at 11. The scope of the judge's jurisdiction is construed "broadly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). When a federal judge's official acts satisfy the preconditions for immunity, a party's sole remedy is to seek relief "through either ordinary appeals or an extraordinary writ." Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000); Jafari v. United States, 83 F.Supp.3d 277, 279 (D.D.C. 2015) (pursuing relief from an appellate court is the only remedy available to a litigant who seeks to challenge the legality of decisions made by a judge acting within the scope of his duties). Entitlement to judicial immunity "may be determined based on allegations of the complaint." Anthes v. Nagle, 2008 WL 11336966, * 3, n. 3 (C.D. Cal. Dec. 11, 2008).

Plaintiff's claims against the United States and the U.S. District Judge fail, for they relate to acts taken by judicial officers in the exercise of judicial functions, acting within the scope of their jurisdiction in denying plaintiff's petitions for habeas relief. See, Forrester v. White, 484 U.S. 219, 227 (1988)(judicial immunity protects "the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court"); Jafari, 83 F.Supp.3d at 278 (dismissing damages claim against the United States predicated on allegations of negligent and wrongful acts of federal court judges, magistrates, and Justices). The allegations of conspiracy, albeit devoid of factual content, are to no avail. See, Moore, 96 F.3d at 1244

(judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party).

### 2. Residual Pleadings

#### a. Record Counsel

Plaintiff sued two attorneys, Irma Valldejuly and Lumy Mangual-Mangual (Docket No. 2, p. 2). Attorney Valldejuly represented plaintiff as court-appointed counsel in Civ. No. 13-1272 (JAF), a § 2254 habeas proceeding (Docket No. 2-4, pp. 12, 18). Attorney Mangual-Mangual represented the Commonwealth in opposing plaintiff's § 2254 petition in Civ. No. 10-1177 (JAF) (Docket No. 2-4, pp. 19, 29). The cases were dismissed, Civ. No. 10-1177 (JAF) on March 1, 2011 (id., Docket No. 14), and Civ. No. 13-1272 on May 30, 2014. Id. at Docket Nos. 36 and 37.

Plaintiff provides no factual foundation to link any particular action by the attorneys to the asserted civil rights violations.[5] Beyond this, the Complaint is bereft of allegations indicative of deficient performance by attorney Valldejuly or professional misconduct by attorney Mangual-Mangual.[6] And to the extent this is what plaintiff complains about, the action would be time-barred.

In Puerto Rico, tort and legal malpractice actions are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31 § 5298. See,

---

[5] According to the Complaint, attorney Mangual-Mangual expressed that plaintiff did not file a Rule 192.1 motion in the Puerto Rico Court of First Instance (Docket No. 2, pp. 3-4). On this issue, the court expressed that plaintiff "has not shown that he exhausted Puerto Rico's mechanism for collateral relief, Rule 192,1, before filling his § 2254 petition" (Civ. No. 10-1177 (JAF), Docket No. 12, p. 3). As for attorney Valldejuly, plaintiff states she indicated that there had been a serious constitutional violation in plaintiff's case but then joined a conspiracy against him. Id. at p. 4.

[6] In fact, there is no record or allegation that attorney Mangual-Mangual was sanctioned by this court or the Puerto Rico Supreme Court in connection with her representation of the Commonwealth in Civ. No. 10-1177 (JAF).

Lopez-Flores v. Cruz-Santiago, 526 F.Supp.2d 188, 190 (D.P.R. 2007)(addressing topic).[7] The limitations period "begins to run one day after the day of accrual." Centro Medico del Turabo v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005). A claim accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998). As the critical events occurred in 2009, 2011, 2014 and 2015, and the present action was filed more than one year later, on February 22, 2022, it is untimely as to the attorneys.

### b. Confinement

Plaintiff blames the federal government and its employees for "physical violence and danger or evil" towards him (Docket No. 2, p. 87). Assuming for plaintiff's benefit that this refers to the Eighth Amendment, the United States "has not waived its sovereign immunity with respect to constitutional tort claims." Springer v. Supreme Court of U.S., 2004 WL 2348134, *1 (D.C. Cir. 2004). Additionally, considering that plaintiff is not under federal custody, the Complaint does not provide the court with basic facts sufficient to support a viable claim for injunctive relief against the United States.[8]

### III.  CONCLUSION

For the reasons stated, dismissal is appropriate. Therefore, the case is DISMISSED. Judgment shall be entered accordingly.

---

[7] As the events took place before the new Puerto Rico Civil Code became effective on November 28, 2020, they are subject to the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31.

[8] Plaintiff also mentions, albeit in passing, that the United States retaliated against him for exercising his Frist Amendment rights (Docket No. 2, p. 7). As with the other issues that plaintiff included in the complaint, the allegation lacks factual support and would not open the door to impose monetary liability on the United States.

<u>Johnson</u> v. <u>United States of America</u>
Civil No. 22-1088 (PAD)
Opinion and Order
Page 8

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of March, 2022.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE